# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

————————

No. 03-2819

————————

United States of America,           *

                                     *

        Plaintiff-Appellee,     *   Appeal from the United States
                                     *   District Court for the
      v.                      *   District of Nebraska.
                                     *

Jose G. Diaz-Diaz,         *       [UNPUBLISHED]
                                     *

        Defendant-Appellant.   *

————————

Submitted:  May 11, 2004
Filed:  August 19, 2004

————————

Before LOKEN, Chief Judge, BRIGHT, and SMITH, Circuit Judges.

————————

PER CURIAM.

     Jose G. Diaz-Diaz pled guilty to participation in a conspiracy with intent to distribute 500 grams or more of a mixture containing methamphetamine. See 21 U.S.C. § 841(a)(1) (making it unlawful "to manufacture, distribute, or dispense, or possess with intent to manufacture, distribute, or dispense, a controlled substance"), § 841(b)(1)(A)(viii) (setting a mandatory minimum of ten years imprisonment for distribution of "50 grams or more of methamphetamine, its salts, isomers, and salts of its isomers or 500 grams or more of a mixture or substance containing a detectable amount of methamphetamine, its salts, isomers, or salts of its isomers"), and § 846 ("Any person who attempts or conspires to commit any offense defined in this

subchapter shall be subject to the same penalties as those prescribed for the offense, the commission of which was the object of the attempt or conspiracy."). The district court sentenced him to 210 months, the bottom of the range based on an offense level of thirty-seven. See U.S.S.G. § 2D1.1. This included a two-level enhancement for possession of a firearm, see U.S.S.G. § 2D1.1(b)(1), a three-level reduction for acceptance of responsibility, see U.S.S.G. § 3E1.1, and a drug-quantity calculation of at least 907 kilograms of methamphetamine. The district court, with the government's support, rejected an upward adjustment based on Diaz-Diaz's alleged "manager or supervisor" role in the offense. See U.S.S.G. § 3B1.1. The district court also denied Diaz-Diaz's motion for a downward departure. Diaz-Diaz had argued for the departure because he offered to forego procedural protections to which he would otherwise be entitled prior to his deportation to Mexico upon release from prison. Diaz-Diaz, having properly objected to the drug quantity calculation and firearms enhancement and moved for the downward departure during the sentencing proceedings, now timely raises those issues on appeal.

As the government notes in its brief, the quantity of drugs attributable to Diaz-Diaz was calculated by the district court, by a preponderance of the evidence. This quantity exceeded substantially the minimum amount (500 grams of methamphetamine mixture) necessary to sustain Diaz-Diaz's guilty plea under the statutory charge. The district court also found the facts necessary to support the guidelines enhancement for possession of a firearm.

Because the government presented more-than-adequate evidence to support the district court's factual findings about the quantity of drugs attributable to Diaz-Diaz and the firearm enhancement, we affirm. We also affirm the district court's decision not to depart from the guidelines for Diaz-Diaz's willingness to forego procedural protections.

AFFIRMED

BRIGHT, Circuit Judge, concurring in part and dissenting in part,

I concur in the determination that the district court did not err in refusing to downwardly depart from the guidelines. I dissent from the affirmance of Diaz-Diaz's sentence as it relates to the sentencing enhancements. Diaz-Diaz has requested to submit a supplemental brief in light of the constitutional concerns raised by the Supreme Court's recent holding in Blakely v. Washington, 542 U.S. __, 124 S.Ct. 2531 (2004). I would vacate Diaz-Diaz's sentence and remand for further consideration by the district court.

_____